**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2861
_____

FRANKLYN BURNEL ALLEN,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A036-545-538)
Immigration Judge:  Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 18, 2013
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: December 18, 2013)
_____

OPINION
_____

PER CURIAM

    Pro se petitioner Franklyn Burnel Allen petitions for review of the final removal

order of the Board of Immigration Appeals ("BIA").  For the reasons that follow, we will

grant the petition for review.

Because we write primarily for the parties, we present an abbreviated summary of the background. Allen is a native and citizen of Jamaica. He was admitted to the United States as a lawful permanent resident in December 1978, at age sixteen. In September 2010, in Pennsylvania state court, he was convicted of one count each of possession of a small amount of marijuana (35 Pa. Stat. Ann. § 780-113(a)(31)) and possession of drug paraphernalia (35 Pa. Stat. Ann. § 780-113(a)(32)). In 2012, the Government served Allen with a Notice to Appear ("NTA"), charging him with removability under INA section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), for a conviction of a controlled substance violation. The drug paraphernalia conviction was listed as the underlying offense in the NTA. Allen appeared pro se in the immigration proceedings and admitted the factual allegations in the NTA--namely, that he is a citizen of Jamaica admitted to the United States as a lawful permanent resident, and that he was convicted in September 2010 of possession of drug paraphernalia.

Initially, the Immigration Judge ("IJ") granted continuances to allow Allen to pursue post-conviction relief in state court. At a hearing on February 21, 2013, the IJ noted that it seemed unlikely that Allen would prevail on his then-pending state court petition for post conviction relief. The IJ also determined that Allen is statutorily ineligible for cancellation of removal because he was granted discretionary relief in 1988 under former INA § 212(c), for a prior conviction.[1]  See INA § 240A(c)(6), 8 U.S.C.

---

[1] As the Government notes, the administrative record contains evidence of Allen's drug offenses in the 1980s. In his prior immigration proceedings, Allen conceded

§ 1229b(c)(6).  Nevertheless, the IJ acknowledged that Allen presented a very sympathetic case and encouraged him to return to the immigration court if he succeeded in having his conviction vacated.  (A.R. 79, 102.)  Allen appealed to the BIA and also filed a motion to remand, providing evidence that the state court indeed had vacated his drug paraphernalia conviction.  (See A.R. 16.)  The BIA denied the motion for remand and dismissed Allen's appeal, stating that Allen remains removable because his marijuana possession offense[2] is sufficient to support the controlled substance violation removability charge.

This petition for review followed.  We generally have jurisdiction under 8 U.S.C. § 1252(a) to review final orders of removal.  Because the BIA concluded that Allen is removable as an alien convicted of a controlled substance offense, our jurisdiction is limited to review of constitutional or legal questions.  See 8 U.S.C. § 1252(a)(2)(C)-(D). We review these issues de novo.  See Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).  Where, as here, the BIA issues its own decision, rather than adopting the IJ's decision, we review the BIA's decision.  See id.

The parties do not dispute that Allen's drug paraphernalia conviction has been vacated by the state court.  Allen argues that the BIA erred in concluding that he

---

removability on the basis of his June 1985 state court conviction for marijuana possession with intent to deliver.  (A.R. 129.)

[2] The BIA referred to Allen's possession offense as an "amended criminal charge," without explanation.

3

continues to be removable based on his September 2010 marijuana possession offense. We acknowledge the Government's argument that Allen did not exhaust this argument before the BIA, as is required for our jurisdiction. See 8 U.S.C. § 1252(d)(1). Specifically, the Government asserts that Allen did not directly challenge his removability and sought only a remand to the IJ for consideration of cancellation of removal under 8 U.S.C.§ 1229b(a), in light of the drug paraphernalia conviction's having been vacated. We disagree. In his pro se brief to the BIA, Allen explicitly identified the finding of removability in his enumerated statement of issues presented, noting that the drug paraphernalia conviction had been vacated. (See A.R. 27.) In addition, although he sought cancellation of removal in his BIA brief and in his motion to reopen and remand to the IJ, he also argued in favor of "any form of relief from removal to which he may be entitled." (A.R. 28, 31.) We conclude that Allen sufficiently exhausted the argument that he is no longer removable. As for the argument that his September 2010 conviction for possession of a small amount of marijuana is not a removable offense, we surmise that Allen did not raise this issue to the BIA because the IJ did not consider this offense at all in his decision. As the Government notes, the exhaustion requirement may be satisfied when the BIA sua sponte considers an otherwise unexhausted issue. See Lin v. Att'y Gen., 543 F.3d 114, 126 (3d Cir. 2008). Such is the situation here. We are satisfied that we have jurisdiction to consider Allen's arguments contesting his removability on the basis of the marijuana possession offense.

4

The removal statute in this case provides that an alien is removable for having been convicted of a controlled substance violation "other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C § 1227(a)(2)(B)(i). The Pennsylvania statute implicated here criminalizes the possession of a "small amount" of marijuana for personal use, noting that thirty grams of marijuana is considered to be a "small amount" of marijuana. See 35 Pa. Stat. Ann. § 780-113(a)(31). Thus, Allen's primary argument,[3] as we understand it, is that his September 2010 marijuana possession conviction falls squarely within the exception to removability contained in 8 U.S.C. § 1227(a)(2)(B)(i), and that the BIA erred in relying upon that conviction as a basis for his removal. Allen emphasizes that the underlying factual basis to support the removability charge, i.e., the drug paraphernalia conviction, no longer exists. The Government responds, in part, with the argument that Allen's September 2010 marijuana possession offense does not constitute a "single offense" for purposes of the statutory exception to removal, because Allen has had other drug offenses. To support its argument, the Government points to record evidence of Allen's drug offenses during the early to mid-1980s, which the Government asserts were not specifically within the scope of the BIA's grant of discretionary relief under former INA § 212(c).

Although the Government presents an interesting question of whether Allen's September 2010 marijuana possession offense constitutes a "single offense" in this

---

[3] Allen's brief contains a number of legal arguments, but we need not reach them all in light of our ruling today.

5

context, we need not reach this question. Allen's petition for review turns on a more fundamental issue: whether the BIA erred in upholding the IJ's removal order when the criminal offense basis for the removability charge--Allen's drug paraphernalia conviction--has ceased to exist. On this issue, we conclude that the BIA erred. Further, the BIA's decision does not contain any reasoning to support its conclusion that Allen's September 2010 possession offense suffices to sustain the removability charge. Indeed, the Government points to nothing in the record to show that the removability charge ever was based on the September 2010 possession offense, that Allen ever received written notice of new factual allegations to support the removability charge, or that Allen ever had an opportunity either to concede or to contest the removability charge based on new factual allegations. See 8 C.F.R. § 1003.30; 8 C.F.R. 1240.10(c), (e). Though the Government offers possible explanations for the BIA's decision, we confine our review to the reasons articulated by the BIA. See Berishaj v. Ashcroft, 378 F.3d 314, 330 (3d Cir. 2004) ("[C]ourts reviewing the determination of an administrative agency must approve or reject the agency's action purely on the basis of the reasons offered by, and the record compiled before, the agency itself.").

For the foregoing reasons, we will grant the petition for review and remand the matter for further proceedings consistent with this opinion.